James HOSKINSON, Petitioner–Appellant,

v.

Barbara BOCK, Respondent–Appellee.

No. 00–1650.

United States Court of Appeals, Sixth Circuit.

May 4, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

### ORDER

James Hoskinson, proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a jury convicted Hoskinson of second degree murder and failure to stop at a serious personal injury accident. On his way home from a bar, Hoskinson had driven onto a sidewalk and fatally struck a four year-old. Following trial, Hoskinson was sentenced to terms of imprisonment of 15–25 years and 40–60 months. The Michigan Court of Appeals vacated the second degree murder conviction and remanded the case for entry of a conviction of involuntary manslaughter. The State appealed, and the Michigan Supreme Court reinstated Hoskinson's original conviction on June 2, 1998.

In his federal habeas corpus petition filed June 7, 1999, Hoskinson asserted that his second degree murder conviction was not supported by sufficient evidence and was thus in violation of the Fifth and Fourteenth Amendments. The district court determined that sufficient evidence did exist, dismissed the petition, and issued a certificate of appealability.

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Hoskinson has filed a timely appeal, essentially reasserting his claim.

Initially, we note that because the certificate of appealability authorized review only of the sufficiency of the evidence issue, this court may not review any other issue raised by Hoskinson on appeal. *See* 28 U.S.C. § 2253(c).

■ In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.).

■ Upon review, we conclude that the Michigan Supreme Court's decision was not contrary to federal law, was not an unreasonable application of federal law, and was not an unreasonable determination of the facts. The Michigan Supreme Court rejected this claim on direct appeal, reasoning that the evidence presented was sufficient to sustain a conviction of second degree murder:

Defendant was highly intoxicated when he left the bar in the early evening hours. While still in the bar's parking lot, defendant twice backed into the same parked vehicle. It could be inferred that these collisions put the defendant on notice that he should not be driving. Despite such awareness, defendant drove at a high rate of speed through a residential subdivision. Having driven through this area before, defendant was aware of the speed dips in the road. He swerved to avoid hitting a car stopped at a stop sign, ran through the stop sign, and nearly hit a car driving in the opposite direction. The occupants of defendant's car advised him that he was driving too fast and that he should slow down.

After colliding with a vehicle parked at the side of the road, defendant traveled across the eastbound lane, over a curb, across some grass, and struck the victim. Defendant continued to drive along the grass and sidewalk until he finally reentered the street several hundred yards from the point of impact. Despite the fact that defendant's passengers jumped from the moving vehicle after informing the defendant that he had hit a child, the defendant proceeded to drive another several blocks before coming to a stop. We believe that a reasonable jury could find malice from these facts.

*People v. Goecke,* 457 Mich. 442, 579 N.W.2d 868, 882 (1998) (consolidated cases).

■ Sufficient evidence existed to support Hoskinson's conviction for second degree murder. Sufficient evidence exists where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Michigan, "the elements of second degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justi-

fication or excuse." *Goecke,* 579 N.W.2d at 878. "[M]alice may be established even absent an actual intent to cause a particular result if there is wanton and wilful disregard of the likelihood that the natural tendency of a defendant's behavior is to cause death or great bodily harm." *Id.* at 879. The Michigan Supreme Court applied the *Jackson* standard and made a reasonable determination that a rational trier of fact could have found the elements of second degree murder, and in particular, the element of malice, beyond a reasonable doubt. The court's factual summary is supported by the trial transcript.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.